```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

| | |
|---|---|
| **JOHN WILSON,** | : |
| **Plaintiff,** | : |
| **vs.** | : CIVIL ACTION 06-00540-CG-B |
| **JACK TILLLMAN,** *et al.*, | : |
| **Defendants.** | : |

### REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's Motion to Amend Complaint ("Motion")(Doc. 21) and Defendants Garside, Smith, and Barnett's Response to Motion to Amend Complaint (Doc. 48), which have been referred for appropriate disposition to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration of the parties' positions, it is recommended the Motion be denied for the reasons set forth herein.

**I. Nature of Proceedings.**

    **A. The Motion.**

In the Motion (Doc. 21) Plaintiff seeks to add the City of Mobile ("City") and the County of Mobile ("County") as Defendants. Plaintiff wants to add the City because its officers "were in their official capacities, under the employment of the City police department at that time, and their supervisor failed to notify the proper official about the incident." Also, Plaintiff seeks to add the County based upon his allegation that "the County Sheriff was

in his official capacity; and failed to notify the proper officials, or following procedure that was need to make sure the proper investigation was done." Further, Plaintiff maintains that during his incarceration at the Mobile County Metro Jail ("jail") from October 8, 2005 to May, 2006, no city or county official "c[a]me to investigate the incident."

**B.   Complaint as Amended.   (Docs. 5, 7 & 12)**

In his pleadings (Docs. 5, 7 & 12), Plaintiff sets forth the following alleged facts in support of his claims: Plaintiff and his nine-year-old son were pulled over on October 8, 2005 for a routine traffic stop when Defendant Garside asked him to get out of the car because Plaintiff had robbery and probation warrants outstanding; Plaintiff was having difficulty turning off the car when Defendant Smith allegedly reached into the car and assaulted him; Plaintiff was ordered to get out of the car and to lie down; before Plaintiff could lie down, Defendant Smith "fired his tazor puncturing [Plaintiff's] right side" and caused Plaintiff to fall to the ground; Defendant Smith ordered Plaintiff not to move or he would fire it again; Defendant Smith fired his tazor again while Plaintiff was still down and in compliance; Defendant Garside observed all of these acts and did not intervene when the taser was used on Plaintiff; Defendants Smith and Barnett handcuffed Plaintiff; other officers rushed Plaintiff, dragged him through the dirt tearing his clothes, and kicked Plaintiff in his head and left rib cage, causing

injuries; Defendant Barnett participated in the dragging and kicking of Plaintiff; Plaintiff was then taken to the police station with no explanation being given to his son; at headquarters, Plaintiff was charged with assault on an officer, second degree; Plaintiff was then taken to the jail where they refused to accept him because of his injuries; the transporting officer took Plaintiff to U.S.A. Medical Center for medical treatment; afterwards Plaintiff was taken to the jail; during Plaintiff's court proceedings, officers threatened Plaintiff by telling him they would report that a gun was allegedly found if Plaintiff reported their assaults and misconduct; and Plaintiff was forced to pled guilty because he did not want a greater sentence.

Plaintiff lists the following individuals as Defendants: Sheriff Jack S. Tillman, Chief of Police Sam Cochran, Officer Glen Garside, Officer Robert Smith, Officer Wesley Barnett, and Chairman of the Public Safety Fred Richardson.  Plaintiff indicates that he is presently serving a life sentence for robbery, first degree, and assault on an officer, second degree. (Doc. 5 at 11). For relief, Plaintiff requests varying types and amounts of damages.

**C. Response to Motion to Amend Complaint. (Doc. 48)**

Defendants Garside, Smith and Barnett, City of Mobile police officers, maintain that Plaintiff's Motion should be denied. They assert that the City of Mobile can only be held liable for its policies that cause constitutional torts. <u>Monell v. New York City</u>

3

Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018 (1978). They further contend that Plaintiff must allege that his injury was caused by "a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690. Otherwise, a governmental entity or its officials cannot be held solely liable for the actions of an employee or a subordinate on the basis of respondeat superior. Id. They argue that Plaintiff has failed to allege a cognizable theory of liability against the City of Mobile because the City of Mobile cannot be held liable for simply employing the officers.[1]

**II.  Discussion.**

    **A.  Standards of Review.**

In a prisoner action the Court is required to screen a prisoner complaint, and by extension, a motion to amend the complaint, and to determine, inter alia, if the motion fails to state a claim upon which relief may be granted or is frivolous. 28 U.S.C. § 1915(e)(2)(B)(ii-iii). If the court makes one of these findings, then denial of the motion is warranted. See 28 U.S.C. § 1915(e)(2)(B) (authorizing the dismissal of an action). Moreover, in an action that does not require screening, if the motion to amend fails to state a claim, the motion will be denied. Id.; see

---

[1] This Report and Recommendation is not be read as a decision concerning the official capacity of any Defendant. Plaintiff in his Complaint in the style of the action asserts that Defendants are being sued in their individual and official capacities. (Doc. 5 at 1).

Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985) (holding that leave to amend should be denied when an amendment is subject dismissal because it is futile).

During the screening of a complaint under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1966 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 1965.  That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966 (second brackets in original). "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient for grounds for entitlement to relief.  Id. at 1959.  However, when a successful affirmative

defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007).

**B. Analysis.**

In his Motion to Amend, Plaintiff seeks to add the City of Mobile and the County of Mobile. In the claims against the City, Plaintiff wants to hold the City liable for the actions of its employees against Plaintiff and for an unidentified supervisor's failure to notify an unidentified official about Plaintiff's incident. In addition, Plaintiff wants to hold the County liable for the actions of the Sheriff for failing to notify unidentified officials of the incident and for not ensuring that a proper investigation was done. Plaintiff also wants to hold both the City and the County liable because no one came to investigate the incident while he was incarcerated at the jail.

In order to state a claim against a local governmental entity in a § 1983 action, a plaintiff is required to allege that his injury was caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 2036 (1978); see Mercado v. City of Orlando, 407 F.3d 1152 (11th Cir. 2005)(city); Grech v. Clayton County, Ga., 335 F.3d 1326 (11th Cir. 2003)(county). A local governing body may also be

6

held liable for "constitutional deprivations visited pursuant to governmental 'custom.'"  Monell, 436 U.S. at 691, 98 S.Ct. at 2036.  "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694, 98 S.Ct. at 2037-38.  Whereas, a local governing body "cannot be held liable solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."  Id. at 691, 98 S.Ct. at 2036.

In the present action, Plaintiff's motion contains no allegations that would impose liability on the City or the County in a manner prescribed by Monell.  That is, no policy or custom is mentioned.  Rather, Plaintiff's allegations reflect that he is attempting to hold the City and the County liable for the acts and/or omissions of its employees.  Liability in a § 1983 action, however, cannot be vicariously imputed or based on the theory of respondeat superior.  Id. at 691, 98 S.Ct. at 2036.  Accordingly, the undersigned finds that the claims asserted in Plaintiff's Motion to Amend are frivolous and would be subject to dismissal.[2]

---

[2]Another basis for dismissal of the County is that Alabama sheriffs when acting in their law enforcement capacity do not act for the county but for the State.  McMillian v. Monroe County, 520 U.S. 781, 874, 117 S.Ct. 1734 (1997).  The Court will not elaborate on this point of law any further because the ground discussed in the body of the Recommendation is dispositive of the Motion.

**III.  Conclusion.**

Based upon the undersigned's finding that the claims in Plaintiff's Motion to Amend are subject to dismissal, the motion is due to be denied because to allow the requested amendment would be futile.  Halliburton & Assoc., 774 F.2d at 444.

The attached sheet contain important information regarding objections to the Report and Recommendation.

DONE this the **9th** day of **June, 2008**.

                                     **/S/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**

---

Notwithstanding, the Court further notes that Plaintiff's claims for failure to investigate are deficient and subject to dismissal.  Plaintiff has no substantive right to an investigation of an excessive force claim based on the Constitution.  Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002).  The Constitution does not create a liberty or property interest to an investigation to which due process attaches.  Id.  Plaintiff also did not cite to, nor is the Court aware of, a source for a state-created interest to have an investigation.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


                                                 **/S/ SONJA F. BIVINS**
                                             **UNITED STATES MAGISTRATE JUDGE**